PER CURIAM.
The appellant, Hart Properties, Inc., is an abutting property owner who objects to a zoning change made by the County Commission. The intervenors, Sam Morris and Melvin Levine, petitioned for a change of zoning from RU4, which allows apartments of 50 units to the acre, and RU4A, which allows apartments, hotels and motels of 50 to 75 units per acre, to BUI, which allows limited business use, on a parcel of property located at 16200 Collins Avenue, Dade County, Florida, which is approximately 230 feet by 137 feet. The County Commission, after a public hearing, unanimously granted the change. Appellant adjacent property owner brought a petition for certiorari in the circuit court to review the action of the County Commission. The circuit court denied certiorari on the ground that the change was fairly debatable.[1]
The wisdom of the County’s action is not a proper subject for discussion here. See Clarke v. Di Dio, 226 So.2d 23 at 25 (Fla. 2d DCA 1969). The governing question is whether the circuit court committed error in concluding, from the facts of this case, that the change in zoning was a fairly debatable legislative decision. If the change was reasonably related to the public health, safety, morals and welfare, it is not arbitrary, capricious and unreasonable and must be sustained as a proper exercise of the legislative authority of the County. See City of Miami Beach v. 8701 Collins Avenue, 71 So.2d 428 (Fla.1954); City of Miami v. Zorovich, 195 So.2d 31 (Fla. 3d DCA 1967); and County of Brevard v. Woodham, 223 So.2d 344 (Fla. 4th DCA 1969).
The granting of a zoning change such as the present one is not unique or prohibited in American law:

*1201 “Amendments which reclassify residen-tially zoned land to permit the construction of shopping centers have been upheld on the ground that they permit a use which is needed, and which serves the comprehensive plan for community development. Such an amendment may, of course, be disapproved if the court discerns no compensating public need for the use favored by the legislation. Approval on similar grounds has been extended to commercial uses of various kinds where the courts were convinced that the service was needed and that the new use would not be destructive of other property in the neighborhood.”
Anderson, American Law of Zoning § 5.06 “Benefit or detriment to public,” at 248 (1968).
See the cases cited in 82 Am.Jur.2d Zoning and Planning § 76, and 101 C.J.S. Zoning § 34. See also Yokley, Zoning Law and Practice § 8-3' at 365. The' record before the County Commission shows that the property in question is surrounded by a nightclub, a fishing wharf and is closely situated to an area with restaurants and stores. There was also evidence before the County Commission that because of the development of the area by the erection of highrise apartments and numerous motels, that service stores would be in the best interest of the community. The County Commission had before it conflicting recommendations from its County Director of Building and Zoning, whose recommendation was against the change, and the Planning Director of Dade County, whose recommendation was in favor of the change upon the ground that stores are proper for the service of the residents of the area.
We, therefore, hold that error has not been shown and that the record before the trial judge substantiated his conclusion that the change in zoning was fairly debatable.
Affirmed.

. “The Court is governed by the well-established principles of the ‘fairly debatable’ doctrine, and cannot substitute its judgment for that of the Board of County Commissioners of Metropolitan Dade County, if the zoning question before that Board was fairly debatable. It is equally clear that the petitioner carries the heavy burden of demonstrating to this Court that the facts relied upon in support of the decision by the Board of County Commissioners of Metropolitan Dade County were baseless, insubstantial, or wholly refutable.
“This Court may well have reached a different result based upon the record before it, however, it is not the duty, nor the province of this Court to re-evaluate the probative weight to be given to the evidence presented to the Board of County Commissioners of Metropolitan Dade County, but merely to determine whether or not the findings of fact reached by the Commission are supported by competent, substantial evidence.
“It appears crystal clear that the zoning question before the Board of County Commissioner of Metropolitan Dade County in this instance was fairly debatable and that there was competent, substantial evidence presented to the Board of County Commissioners to support their decision.”